UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JASON GLEN,<br>    Petitioner, | Case No. 1:18-cv-496 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, through counsel, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and respondent's return of writ (Doc. 6), to which petitioner has not responded.

For the reasons stated below, it is recommended that the petition be denied.

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's conviction and sentence:[1]

> Veteran Cincinnati Police Officer Jerry Turner stopped Glenn for two traffic violations committed while Glenn operated his brother's Toyota Corolla. After Glenn pulled over, Officer Turner observed him make excessive, furtive movements down to his right, then behind towards the back of the vehicle, and then to the glove box. When Officer Turner approached, Glenn provided his driver's license, but appeared nervous and lied to Officer Turner about where the occupants had been. After running Glenn's information through the police data base, Officer Turner learned that Glenn was on federal parole and had multiple felony convictions. Two additional officers arrived on the scene and Glenn and the other occupants were removed from the Corolla and briefly questioned, but not placed under arrest or in a police vehicle. Believing that Glenn might have been hiding a

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

weapon in the Corolla, Officer Turner performed a protective search of the area around the driver's seat about ten minutes after the stop. After finding a plastic baggie containing heroin under the driver's seat, Officer Turner arrested Glenn and advised him of his *Miranda* rights. An inventory search of the Corolla revealed a drug scale, a drug press, baggies, and plastic gloves. One of the passengers was also found to have a large amount of heroin. In a recorded statement to the police, Glenn admitted that he had supplied the heroin.

Prior to trial, Glenn unsuccessfully moved to suppress the evidence. At trial, a DVD recording of the stop and arrest captured from Officer Turner's dashboard camera was played for the jury. At a sidebar, defense counsel, who had objected generally before trial to the playing of any portion that referenced Glenn's federal parole status or his prior conviction, complained that he had heard an officer mention that Glenn was on federal parole. But defense counsel admitted that he "d[id]n't think it [wa]s clear," and that he "d[id]n't think [the jury] heard it" or "understood the import" of what the officer had said. The trial court judge and the prosecutor both stated that they had not heard the allegedly redacted inadmissible statements.

Later in the trial, a juror came forward and told the court that she had heard an officer state that someone was on parole, but that she did not know to whom the officer had been referring. Ultimately, the juror indicated that she could put aside what she had heard, and the defense agreed that she could remain on the case. The trial court discreetly questioned the other the jurors about their observations concerning the DVD, ordered any additional necessary redactions, and informed the jury that the copy admitted into evidence would not contain anything inadmissible.

The trial court twice overruled Glenn's motion for a mistrial based on the jury's hearing of the insufficiently redacted DVD, a copy of which was not made a part of our record.

(Doc. 5, Ex. 7 at PageID 761–63).

## II. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On August 19, 2014, the Hamilton County, Ohio, grand jury returned a two-count indictment, charging petitioner with two counts of trafficking and possession of heroin. (Doc. 5, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to both counts.

2

Following a jury trial, petitioner was found guilty as charged in the indictment. On August 17, 2015, petitioner was sentenced to a total aggregate prison sentence of eight years in the Ohio Department of Corrections. (Doc. 5, Ex. 3).

On September 2, 2015, petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 5, Ex. 4). Petitioner raised the following two assignments of error:

1. The trial court erroneously denied Appellant Glenn's motion to suppress evidence and supplemental motion to suppress evidence.

2. The trial court committed reversible error by denying the appellant's motion for mistrial after it had allowed the prosecution to play to the jury, over defense objection, a video recording which included references to the appellant being on parole at the time of his arrest with several felonies on his record.

(Doc. 5, Ex. 5 at PageID 723–24). On November 4, 2016, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 5, Ex. 7).

**Ohio Supreme Court**

On December 15, 2016, petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court. (Doc. 5, Ex. 8). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

1. To Conduct A Lawful Protective Search for Weapons In A Vehicle, Police Officers Must Have Some Evidence Beyond Mere Furtive Movements To Justify An Otherwise Unlawful Intrusion.

2. The Admission Of A Defendant's Parole Status And Prior Criminal History Over Defense Objection Without Any Statutory Justification Violates The Defendant's Fundamental Right To A Fair Trial.

(Doc. 5, Ex. 9). On July 26, 2017, the Ohio Supreme Court declined jurisdiction of the appeal. (Doc. 5, Ex. 10).

### Federal Habeas Corpus

On July 23, 2018, petitioner commenced the instant federal habeas corpus action. (Doc. 1). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: The trial court violated Defendant Glenn's Fourteenth Amendment due process right to a fair trial by admitting evidence of his parole status at the time of his arrest and his several prior felony convictions.
>
> **Supporting facts**: At trial, over defense objection, the court admitted a video recording which included several references to the defendant's parole status at the time of his arrest and his felony criminal history. Initially, Cincinnati police officer twice states on the recording that the appellant was on federal parole at the time and had an extensive criminal record. Next, the same officer tells other officers that the defendant "is on federal parole with six or seven felonies." Finally, that officer, after searching the car that Glenn had been driving, asks him "am I going to find anything else in the car? You've been on federal parole."

(Doc. 1 at PageID 25).

Respondent has filed a return of writ, to which petitioner has not responded. According to respondent, petitioner's single ground for relief is procedurally defaulted and without merit. (Doc. 6).

### III. THE PETITION SHOULD BE DENIED.

In his single ground for relief, petitioner claims that he was denied his due process right to a fair trial when the state trial court admitted other-acts evidence in the form of a video recording which included references to his parole status and criminal record. Respondent contends that petitioner procedurally defaulted and waived this claim by failing to present the claim as a constitutional issue on direct appeal.

As detailed below, the undersigned recommends that the petition be denied on the basis that petitioner failed to fairly present his constitutional claims to the Ohio courts and, in any

4

event, his single ground for relief is without merit.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson,* 459 U.S. at 6; *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Moreover, it is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar

5

factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin*, 811 F.2d at 326).

In this case, the undersigned agrees with respondent that petitioner did not fairly present his claim regarding other acts or other crimes evidence for relief as a constitutional issue on direct appeal. First, a review of petitioner's direct appeal brief indicates that petitioner did not rely on federal or state cases that would apprise the Ohio appeals court of any constitutional issue. Petitioner instead cited to two Ohio Supreme Court cases, neither of which relied on federal or state law applying constitutional analysis.[2] Because petitioner did not rely on federal or state cases employing constitutional analysis or otherwise phrase his claim in terms of constitutional law or allege facts well within the mainstream of constitutional law, petitioner failed to fairly present the constitutional claim to the Ohio courts.[3]

Even if petitioner raised the evidentiary issue on constitutional grounds in his subsequent appeal to the Ohio Supreme Court, petitioner was unable to satisfy the "fair presentation" requirement at that late juncture because the Ohio Supreme Court lacked jurisdiction to consider the constitutional issue, which had not been raised to or considered by the intermediate appellate

---

[2] Petitioner cited *State v. Allen*, 506 N.E.2d 199 (Ohio 1987) and *State v. Bayless*, 357 N.E.2d 1035 (Ohio 1976). In *Allen,* the Ohio Supreme Court held that "where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of law." *Allen*, 506 N.E.2d at 201. *Bayless* was cited for the proposition that the alleged error was not harmless error under Ohio law. (*See* Doc. 5, Ex. 5 at PageID 737).

[3] Although petitioner does mention that the evidentiary issue may have "unduly prejudice[d] his right to a fair trial" in his appellate brief (*see* Doc. 5, Ex. 5 at PageID 724, 734), "[g]eneral assertions of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *McMeans,* 228 F.3d at 681.

court. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965); *see also Rigdon v. Ohio Adult Parole Authority,* No. 1:08-cv-716, 2010 WL 3910236, at *9 (S.D. Ohio July 7, 2010) (Wehrman, J.) (citing *Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)), *adopted,* 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010) (Dlott, J.); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08-cv-433, 2009 WL 3378246, at *1, *9 n.8 (S.D. Ohio Oct. 15, 2009) (Beckwith, J.; Black, M.J.) (and cases cited therein).[4]

Because petitioner failed to provide the state's highest court with an opportunity to correct the alleged violations of his constitutional rights, he procedurally defaulted and has waived the ground for relief absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. No such showing has been made in this case.

In any event, even if the Court could conclude that petitioner fairly presented the claim to the Ohio courts, petitioner is not entitled to federal habeas relief. This Court may only grant relief if petitioner demonstrates that the state court adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court." 28 U.S.C. § 2254(d)(1).

---

[4] *Cf. Mayes v. Hudson,* No. 1:07-cv-315, 2010 WL 55963, at *9 & n.1 (N.D. Ohio Jan. 4, 2010) (in holding that the petitioner's "failure to raise [a] ground for relief . . . in the state appellate court on direct appeal procedurally defaulted that claim," the district court noted: "Even if [the] memorandum in support of jurisdiction in the Ohio Supreme Court could be read as having raised the claim . . ., [the petitioner's] failure to raise that claim in the appellate court resulted in its default," because it must be assumed from the Ohio Supreme Court's silence as to the reasons for denying the claim that it did not "ignore its own procedural rules and . . . enforced the procedural bar" prohibiting review of claims that are "not raised in the underlying appellate proceeding") (citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir. 1996)).

Petitioner cannot demonstrate that the state court's rulings on his claim was contrary to Supreme Court precedent, because "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). *See also Bailey v. Lafler*, 722 F.App'x 425, 435 (6th Cir. Jan. 19, 2018) (rejecting claim that admission of other bad acts evidence, finding no Supreme Court authority establishing that admission of such evidence violates due process); *Bower v. Burt*, No. 19-1363, 2019 WL 4943758, at *2 (6th Cir. Aug. 6, 2019) (same); *Cowans v. Bagley*, 624 F.Supp.2d 09, 802 (S.D. Ohio 2008) (holding that the state court's denial of petitioner's claim regarding reference to the petitioner's status as a parolee at trial did not amount to an unreasonable application of Supreme Court precedent in light of *Bugh.*). Even assuming *arguendo* that petitioner could make such a showing, petitioner has not shown that contested evidence was "material in the sense of a crucial, critical highly significant factor." *Burger v. Woods*, 515 F. App'x 507, 510 (6th Cir. Feb. 20, 2013) (quoting *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000)). Rather, the undersigned agrees with the Court of Appeals that there was no reasonable probability that the other-act evidence contributed to petitioner's conviction in light of the evidence offered in support of his conviction and sentence.[5] (*See* Doc. 5, Ex. 7 at PageID 763–64).

Accordingly, in sum, petitioner is not entitled to federal habeas relief based on his single ground for relief.

---

[5] As noted by the Ohio Court of Appeals, the arresting officer testified that he witnessed petitioner making furtive movements within the vehicle after he pulled him over; the officer found a bag of heroin under his seat and a scale, drug press, baggies and plastic gloves were subsequently discovered in an inventory search of the vehicle; and petitioner admitted that he had supplied a large amount of heroin found on one of the passengers in the car in a recorded statement to police. (*See* Doc. 5, Ex. 7 at Page ID 761–62).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[6]

A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[6] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON GLEN,                           Case No. 1:18-cv-496
     Petitioner,

                                           Black, J.
vs.                                          Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).